## WESTERN UNION TELEGRAPH CO. v. TAYLOR. (No. 1505.)

(Court of Civil Appeals of Texas. El Paso. June 7, 1923. Rehearing Denied June 28, 1923.)

1. Trial ⬅═232(2)—Charge on burden of proof of want of diligence held erroneous.

In an action for failure to deliver a telegram, submitted on special issues, a charge that the burden was upon the plaintiff to prove the affirmative of the special issues was erroneous as to the first issue, inquiring whether the company used due diligence in its efforts to deliver the telegram, as to which issue the burden rested upon the plaintiff to prove the negative.

2. Trial ⬅═219—Definitions of negligence and want of ordinary care held unnecessary in view of form of issues.

It was not error for the court to fail to define negligence and ordinary care where the case was submitted upon special issues as to whether the defendant used due diligence to deliver the message, whether plaintiff would have attended the funeral if he had received the message in time, and whether he suffered mental anguish because of his failure to attend, and the term due diligence was correctly defined in connection with the first issue.

3. Telegraphs and telephones ⬅═37(1)—Definition of due diligence held not to impose too great a degree of care.

In an action for failure to deliver a telegram, a definition that due diligence meant such

diligence as an ordinarily prudent person would have exercised under the same or similar circumstances was not erroneous as imposing too great a burden upon the telegraph company.

**4. Trial ☞350(7)—Refusal to submit contributory negligence of sender held error under the evidence.**

In an action for failure to deliver a telegram, where there was evidence that the sender of the message knew the local address of the addressee and that at the time in question there had been a great increase in the population of the town to which the message was addressed, it was error to refuse to submit requested issues as to the contributory negligence of sender in not giving the local address.

**5. Trial ☞350(8)—Refusal to submit issue established by undisputed evidence held not error.**

It was not error to refuse to submit the issue of proximate cause and to fail to define that term in a case submitted on special issues where the undisputed evidence showed that the defendant's failure to deliver the message was the proximate cause of the injury complained of.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by Joe C. Taylor against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Conner & McRae, of Eastland, Thompson, Barwise, Wharton & Hiner, of Fort Worth, and Francis R. Stark, of New York City, for appellant.

Shepherd & Lankford, of Cisco, and Burkett, Orr & McCarty, of Eastland, for appellee.

### Statement of Case.

HIGGINS, J. Appellee brought this suit to recover damages for failure to deliver a telegram sent to him reading as follows:

"Corsicana, Texas, November 26th, 1920. 4:25 P. M. To Rev. Joe Taylor, Cisco, Texas. Mrs. J. W. Goodwin died at Corsicana three thirty P. M. Ship for burial at Creek, Texas, Ten fifteen P. M. Mrs. Pearl Albright."

Mrs. Goodwin was a sister of appellee. It was alleged that by reason of the failure to deliver the message he was deprived of the opportunity to attend the burial of his sister, which he could and would have done had it been delivered to him in due time, and had thereby suffered mental anguish.

Pertinent portions of the court's charge are as follows:

"You are charged that the burden of proof is upon the plaintiff to prove the affirmative of the special issues herein submitted to you by a preponderance of the evidence. * * *"

No. 1: "Did the defendant, Western Union Telegraph Company, use due, diligence in its efforts, if any, to deliver the message in question, dated Corsicana, Texas, November 26, 1920, 4:25 p. m., directed to Rev. Joe Taylor, plaintiff herein, after its receipt at Cisco, Texas, at 4:45 p. m., same date. In connection with the above special issue you are instructed that by the term 'due diligence' is meant such diligence as an ordinarily prudent person would have exercised under the same or similar circumstances."

No. 2: "If you have answered special issue No. 1, 'Yes,' you need not answer further, but if you have answered special issue No. 1, 'No,' then answer the following: If the defendant, Western Union Telegraph Company, had used due diligence in delivering the message inquired about in special issue No. 1, after it was received at defendant's office at Cisco, Tex., could and would the plaintiff herein have gone to Creek, Tex., in time to have attended the funeral and burial of his sister?"

No. 3: "Did plaintiff suffer mental anguish, pain, and grief by reason of his failure to attend the funeral of his sister?"

Issue No. 4 related to the amount of damage which was fixed by the answer thereto at $1,000.

Issue No. 1 was answered, "No." Issues 2 and 3 were answered, "Yes."

Judgment was rendered in favor of appellee for $1,000.

### Conclusions of Law.

1. Those assignments and propositions which question the sufficiency of the evidence to support the findings and judgment are overruled. Upon all the issues of fact in the case there is ample competent evidence to support the same.

[1] 2. The court's charge upon the burden of proof was erroneous as applied to the first issue. Upon this issue the burden rested upon the appellee to prove the negative.

[2] 3. Those assignments relating to the failure of the court to define the terms "negligence" and "ordinary care" are overruled for the reason that there was no necessity for such definition in view of the form in which the first issue was submitted and the definition given in connection therewith of "due diligence."

[3] 4. The definition of "due diligence" given by the court does not impose too great a degree of care upon appellant as asserted in the sixteenth proposition.

5. The seventeenth proposition is controlled by the first conclusion of law. The eighteenth is without merit in view of the fact that the jury was instructed to answer issue 2 in the event only of a negative answer to issue 1.

[4] 6. There is evidence that the sender of the message knew the local address of the appellee. Appellant pleaded contributory negligence on the part of the sender in failing to give his local address, and in that

connection it was further pleaded and proven that at the time in question there had been a heavy increase in population in Cisco due to oil development and a great many strangers in the city. In this state of the record this issue of contributory negligence should have been submitted, and the assignments relating to the refusal of the court to submit requested issues 4 and 5, upon this phase of the case, are sustained. 37 Cyc. 1673; Hargrave v. Telegraph Co. (Tex. Civ. App.) 60 S. W. 687; Telegraph Co. v. Bowen (Tex. Civ. App.) 76 S. W. 613; Telegraph Co. v. Rawls (Tex. Civ. App.) 62 S. W. 136. Other issues of contributory negligence were pleaded, but for various reasons the refusal of the court to submit the same was proper.

[5] 7. Those assignments are overruled which complain of the refusal to submit the issue of proximate cause and the failure to define that term, because the undisputed evidence shows that the failure to deliver the message was the proximate cause of the injury complained of.

8. A number of assignments complained of rulings upon evidence. None of these are well taken.

Other assignments complain of argument made by counsel in addressing the jury. These need not be passed upon as the case must be reversed upon other grounds, but in view of a retrial it may be said that some of the argument was objectionable.

For the reasons indicated in the second and sixth conclusions, the case is reversed and remanded.